

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUANGZHOU CSSC – OCEANLINE – GWS
MARINE ENGINEERING CO., LTD.,

    Plaintiff,

-against-.

UNIVAN SHIP MANAGEMENT LIMITED,
WISEBERG HOLDINGS LTD., AND
EWANTAS OIL SDN BHD,

    Defendants.

---

08 Civ.

**VERIFIED COMPLAINT**





Plaintiff GUANGZHOU CSSC – OCEANLINE – GWS MARINE ENGINEERING CO., LTD ("Plaintiff"), by its attorneys Lennon, Murphy & Lennon, LLC, complaining of the above-named Defendants, UNIVAN SHIP MANAGEMENT LIMITED ("UNIVAN"), WISEBERG HOLDINGS LTD. ("WISEBERG"), and EWANTAS OIL SDN BHD ("EWANTAS OIL"), alleges upon information and belief as follows:

1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331 and 9 U.S.C. §203.

2.     At all material times, Plaintiff was and now is a business entity organized and existing under the laws of China, engaged in the business of repairing ocean going vessels.

3.     At all material times, Defendant UNIVAN was and now is a corporation or other business entity organized and existing under the laws of Hong Kong or another foreign state with

its office and place of business at Suite 801, 8th Floor, Asian House, 1 Hennesy Road, Wanchai, Hong Kong, and no office or place of business within this judicial district.

4. At all material times, Defendant WISEBERG was and now is a corporation or other business entity organized and existing under the laws of Hong Kong or another foreign state with its office and place of business at 3A, Sang Woo Building, 227-228 Gloucester Road, Causeway Bay, Hong Kong, and no office or place of business within this judicial district.

5. At all material times, Defendant EWANTAS OIL was and now is a corporation or other business entity organized and existing under the laws of a foreign state with no office or place of business within this judicial district.

6. Pursuant to a ship repair contract entered into in November 2007 ("the Contract"), Plaintiff, as ship repairer, agreed with UNIVAN and WISEBERG to carry out repairs on the M/T DIANA ("the Vessel") at Plaintiff's ship yard in China, for an agreed price of US$1,580,000.

7. Plaintiff performed all its obligations under the Contract, but UNIVAN and WISEBERG have failed to pay a balance due of US$880,000, despite due demand.

8. The Contract provided for charges for late payment at a rate of 0.033 per cent per day. It is estimated that it will take at least two years to obtain and enforce an arbitration award and the late payment charges will amount to at least US$211,992.

9. Pursuant to the terms of the Contract, Plaintiff's claim is subject to arbitration in China, and Plaintiff reserves its right to arbitrate pursuant to 9 U.S.C. § 8.

10. Arbitrators' and attorneys' fees are routinely awarded to the prevailing party in arbitration in China. Plaintiff estimates it will recover arbitrators' and attorneys' fees of at least US$200,000.

11.   The total amount for which Plaintiff seeks Process of Maritime Attachment is <u>US$1,291,992.</u>

### AS A FIRST CLAIM, AGAINST WISEBERG

12.   WISEBERG is the registered owner of the M/T DIANA, and the entity on whose behalf UNIVAN made the Contract. Therefore, WISEBERG is liable to Plaintiff for the unpaid balance of repair costs, late charges, and legal costs as aforesaid.

### AS A SECOND CLAIM, AGAINST UNIVAN

13.   UNIVAN issued to Plaintiff a guarantee of payment of the Vessel's repair costs, and therefore should be held liable for the unpaid balance of the repair costs, late charges, and legal costs as aforesaid.

### AS A THIRD CLAIM, AGAINST UNIVAN

14.   UNIVAN is reported in Lloyd's Register's on-line Registry, Sea-Web, to be the manager and operator of the Vessel, and purported to enter into the Contract on behalf of WISEBERG in that capacity.

15.   In response to Plaintiff's request that UNIVAN provide evidence of its authority to act on behalf of WISEBERG, UNIVAN provided Plaintiff a supposed Power of Attorney. Plaintiff subsequently learned the Power of Attorney was executed by UNIVAN itself.

16.   UNIVAN is reported by Lloyd's MIU, a leading provider of maritime information, to be the beneficial owner of the Vessel.

17.   UNIVAN and WISEBERG are commonly owned and managed, and share common officers and/or directors and/or employees, and common office addresses, telephone and telefax numbers, and email addresses.

18. By reason of the premises stated in paragraphs 13 through 18, UNIVAN and WISEBERG are alter egos of one another, and UNIVAN should be held liable for the unpaid balance of the repair costs, late payment charges, and legal costs set forth above.

### AS A FOURTH CLAIM, AGAINST EWANTAS OIL

19. The initial portion of the agreed repair cost that was paid to Plaintiff was paid by EWANTAS OIL. Therefore, it is evident that EWANTAS OIL is an alter ego and/or paying agent for UNIVAN and WISEBERG, and should be held liable for the unpaid balance of the repair costs, late payment charges, and legal costs set forth above.

20. Upon information and belief, Defendant EWANTAS OIL's sole purpose is to hold or transfer monies on behalf of UNIVAN and/or WISEBERG, so as to hinder, delay or defraud creditors of Defendant Univan and/or.

21. Upon information and belief EWANTAS OIL is merely a shell-corporation through which UNIVAN conducts its business.

22. Upon information and belief, EWANTAS OIL has no separate, independent identity from UNIVAN.

23. Upon information and belief, EWANTAS OIL is the alter ego of UNIVAN because UNIVAN dominates and disregards EWANTAS OIL's corporate form to the extent that EWANTAS OIL is actually carrying on UNIVAN'S business and operations as if the same were its own.

24. Upon information and belief, EWANTAS OIL acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of UNIVAN.

25. Upon information and belief, EWANTAS OIL has no corporate existence of its own and has no identifiable assets, employees or office.

26. It is not general practice in the maritime community, nor any where else, for independent companies to make large payments on behalf of other independent companies.

27. Payments made on behalf of another independent company are suggestive of a relationship that is not "arm's length."

28. EWANTAS OIL makes payments on UNIVAN's behalf where EWANTAS OIL has absolutely no contractual obligation to UNIVAN'S creditors.

29. In the further alternative, Defendants are partners and/or are joint venturers.

30. In the further alternative, Defendants are affiliated companies such that EWANTAS OIL is now, or will soon be, holding assets belonging to UNIVAN and vice versa.

## DEFENDANTS CANNOT BE FOUND WITHIN THE DISTRICT

31. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers, because Defendants are engaged in international commerce using United States Dollars, of which all electronic fund transfers are processed by intermediary banks in the United States, mainly in New York City.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **US$1,291,992** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

  D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

  F. That in the alternative, this Court enter Judgment against the Defendant on the claims set forth herein;

  G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: July 11, 2008
New York, NY

The Plaintiff,
GUANGZHOU CSSC – OCEANLINE – GWS
MARINE ENGINEERING CO., LTD.

By: _____
Patrick F. Lennon
Kevin J. Lennon
LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 – facsimile
pfl@lenmur.com
kjl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )  ss.:  City of New York
County of New York  )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: July 11, 2008
       New York, NY

                                    _____
                                    Patrick F. Lennon