UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANGZHOU CSSC - OCEANLINE - GWS MARINE ENGINEERING CO., LTD.,
Plaintiff,

- against -

UNIVAN SHIP MANAGEMENT LIMITED WISEBERG HOLDINGS LTD., AND EWANTAS OIL SDN BHD.
Defendants

Case No. 08 CV 6299 (LAK)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ATTACHMENT**

*Submitted By:*
Watson, Farley & Williams (New York) LLP
Attorneys for Defendant
Univan Ship Management Ltd.
Alfred E. Yudes, Jr. (AEY-4152)
Neil A. Quartaro (NAQ-9640)
100 Park Avenue, 31st Floor
New York, NY 10017

## INTRODUCTION

Plaintiff GUANGZHOU CSSC - OCEANLINE - GWS MARINE ENGINEERING CO., LTD., ("Guangzhou" or "Plaintiff") filed a Verified Complaint ("Complaint") and obtained an Order for Maritime Attachment Pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims, Rule B ("Rule B") on July 14, 2008, seeking payment for allegedly overdue invoices under a ship repair contract. Plaintiff has attached over $735,000 in bank accounts and wire transfers identified with Defendant UNIVAN SHIP MANAGEMENT LIMITED ("Univan"). As a basis for these attachments, Plaintiff alleges: (1) the existence of a guarantee of payment; and (2) that Univan and co-Defendants WISEBERG HOLDING LTD. ("Wiseberg"), and EWANTAS OIL SDN BHD. ("Kwantas")[1] are alter egos and Plaintiff is free to disregard their corporate forms. As is demonstrated below, these arguments are factually incorrect and the Rule B attachment should be vacated.

## FACTS

The underlying dispute involves the dry-docking of M/T DIANA (the "Vessel"), an ocean-going tanker owned by Wiseberg, at a facility owned by Plaintiff. Univan is a Hong Kong ship management company that provides management assistance to ship owners such as Wiseberg. (Vanderperrre ¶2). Univan is engaged by Wiseberg as technical manager of the Vessel under an agreement dated January 4, 2007 (Quartaro Aff. Ex. 5). Univan acted as agent for Wiseberg Holdings during the dry-docking and is not a party to the contract between Wiseberg and Plaintiff. (Vanderperrre ¶5; see Complaint ¶12). According to Plaintiff, the merits of this dispute between Wiseberg and Plaintiff are subject to arbitration in China. (Complaint ¶9).

[1] The Complaint refers to "Ewantas Oil Sdn Bhd", but this appears to be a mis-spelling of the publicly-traded "Kwantas Oil Sdn Bhd.", based in Malaysia. (see Vanderperre Aff. ¶¶10-11; Quartaro Aff. ¶¶9-11 & Ex. 4). For clarity, this Memorandum uses the correct name, Kwantas.

Univan does not own any vessels. (Vanderperre ¶2). Ship management companies are common in the maritime industry and it is widely recognized that they act for their ship-owning principals. (*Id.*). In this case, Univan disclosed its principal numerous times, and the correspondence between Univan and Plaintiff shows that Plaintiff was aware at all times that Univan was acting as agent for Wiseberg. For example, a November 24, 2007, email from Univan to Plaintiff confirming that the dry-dock was booked states:

> We are pleased to inform you that the owners have send [sic] their confirmation for booking the dry dock space for the subject vessel at [Plaintiff's dry-dock facility].

(Vanderperre Aff. Ex. 2).

This email was signed by Univan as "Univan Ship Management As Agent Only". (*Id.*). Plaintiff responded to the above email on November 26, 2007, asking that Univan "kindly inform owner that we accept their firm booking order . . .". (Vanderperre Aff. Ex. 3). Plaintiff concedes that it knew Wiseberg owns the Vessel and Univan is just a manager (Complaint ¶12) and does not directly allege breach of contract against Univan. (*Id.*). Univan did not agree to pay for the repairs to the Vessel, and did not issue any kind of guarantee of payment to Plaintiff. (Vanderperre ¶8).

Plaintiff also alleges that Univan owns the Vessel. (Complaint ¶16). However, the Lloyd's Register's on-line Registry, Sea-Web, referred to by Plaintiff as the source of its information, identifies Defendant Wiseberg Holdings Ltd. as the owner of M/T DIANA. (Quartaro Aff. Ex. 1). In addition to Lloyd's, the Internet site www.equasis.org ("Equasis"), also a reliable source of ship ownership and management information, identifies Defendant Wiseberg as the owner of M/T DIANA and Univan as only a manager (Quartaro Aff. Ex. 1).

Plaintiff's factual allegations are belied by the evidence before this Court, including the telling absence of an agreement to arbitrate with Univan. In light of the numerous factual

inaccuracies in the Complaint, Plaintiff has not pled its causes of action in a supportable manner and the attachments against Defendant Univan should be vacated.

**LEGAL ARGUMENT**
**POINT 1**

**THE ATTACHMENT SHOULD BE VACATED BECAUSE THERE IS NO PAYMENT GUARANTEE**

Plaintiff alleges as a second cause of action that Univan issued a payment guarantee to Plaintiff for the unpaid balance of the repair costs on the Vessel, but offers no support for this allegation. (Complaint ¶13). However, Univan has provided sworn testimony that it did not at any time issue to Plaintiff a guarantee of payment for the work performed by Plaintiff on the Vessel. (Vanderperre ¶8). In the absence of any evidence of the alleged guarantee, and in the face of Univan's denial that such a guarantee exists, the Rule B attachment cannot be supported on this ground and should be vacated.

**POINT 2**

**THE ATTACHMENT SHOULD BE VACATED BECAUSE PLAINTIFF CANNOT MAKE A PRIMA FACIE ALTER EGO SHOWING**

Plaintiff's third cause of action alleges that Univan and Wiseberg are commonly owned and managed, with common officers and directors, and are thus liable on an alter ego corporate veil piercing theory. All of Plaintiff's alter ego factual allegations are demonstrably wrong. In the Rule B attachment context, *Aqua Stoli Shipping Ltd. v. Gardner Smith P.T.Y. Ltd.*, 460 F.3d 434 (2d Cir.2006) provides the proper standard.[2] In admiralty disputes, Federal courts apply

[2] One case, decided before *Aqua Stoli*, applied an arguably higher standard to a request for maritime attachments based on alter ego status. *See Ullises Shipping Corp. v. FAL Shipping Co. Ltd et al.*, 415 F.Supp.2d 318, 323 (S.D.N.Y. 2006) (holding that the plaintiff must present enough evidence to convince the court that there are reasonable grounds for piercing the corporate veil). However, *Aqua Stoli* strongly suggests that the Ullises standard is no longer good law on this point. *See Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS

federal common law when analyzing corporate identity. *Status Int'l S.A. v. M & D Maritime Ltd.*, 994 F.Supp. 182, 186 (S.D.N.Y. 1998) (*citing Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir. 1986)). "Federal common law allows piercing of the corporate veil where (1) a corporation uses its alter ego status to perpetrate a fraud or (2) where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own." *Id.* (citation omitted).

Plaintiff alleges that Univan and Wiseberg: "are commonly owned and managed, and share common officers and/or directors and/or employees, and common office addresses, telephone and telefax numbers, and email addresses." (Complaint ¶17). The corporate details for Wiseberg are publicly available on-line at the Internet site maintained by Government of Hong Kong. (Quartaro ¶7). According to its 2007 Annual Report, Wiseberg is a Hong Kong company owned by Kwan Ngen Chung and Kwan Ngen Wah, who are also the sole Directors. (Quartaro Aff. Ex. 3). The corporate Secretary of Wiseberg is identified as Jun Zhao, and the registered office is listed as 3A, Sang Woo Building, 227-228 Gloucester Road, Causeway Bay, Hong Kong. (*Id.*).

In contrast, Univan is wholly owned by the Vanlink Group Limited, of the British Virgin Islands. (Vanderperre ¶3). The Directors of Univan are Capt. C.A. Vanderperre and Yick Kuen Lo. (*Id.*). This information is publicly available on the Internet, as is Univan's Annual Return listing its shareholders and offices at Suite 801, 8th Floor, Asian House, 1 Hennessey Rd., Wanchai, Hong Kong. (*Id.*). These offices are not shared with the other Defendants to this action. (Vanderperre ¶4). In fact, contrary to Plaintiff's allegations, Univan does not share ownership, management, office space, addresses, directors, employees, telephone numbers,

60770, *1 (S.D.N.Y.2006) (referring to Order dated August 15, 2006). In either event, Plaintiff has presented no evidence in support of its alter ego argument.

telefax numbers, or email addresses with Wiseberg or Kwantas. (*Id.*; *compare* Vanderperre Aff. Ex. 1 *with* Quartaro Aff. Exs. 3 & 4).

The Complaint's fourth cause of action alleges that Univan operates Kwantas as an alter ego, a mere shell corporation with no separate identity, corporate existence, assets, employees, or offices. (Complaint ¶18-25). In fact, Kwantas is a major Malaysian company publicly traded on the Kuala Lumpur stock exchange. (Quartaro Aff. ¶11 & Ex. 4). Kwantas, apparently engaged in the Palm-oil extraction business, maintains an Internet site showing its corporate structure, which makes no reference to Univan. (Quartaro Aff. Ex. 4). A search of the Kwantas Internet site for the word "Univan" returned no hits. (*Id.*). Furthermore, the Kwantas Internet site provides contact details for a head office at Lot 1-4, 1st Floor, Fordeco Building, Jalan Singamata, 91100 Lahad Datu, Sabah, Malaysia Tel : + (60) 89-88 1188, Fax : +(60) 89-88 2399, info@kwantas.com.my, as well as 3 other offices throughout Asia. (*Id.*).

Kwantas is not owned or controlled by Univan and Univan has no equity position in Kwantas or any of its affiliated companies. (Vanderperre Aff. ¶11). It is possible that Kwantas and Wiseberg have a commercial relationship and that Kwantas remitted certain sums in relation to the dry-dock invoice at issue, but Univan has no involvement in this relationship. (Vanderperre Aff. ¶12). Any suggestion that Kwantas holds or transfer monies on behalf of Univan, or makes payments on its behalf, is incorrect. (Vanderperre Aff. ¶¶13-14). Univan and Kwantas have no common ventures, are not partners in any business organizations anywhere in the world, are not affiliated in any way, and Kwantas does not hold any assets belonging to Univan. (Vanderperre Aff. ¶15). Plaintiff has no evidence to support its alter ego allegations and the Rule B Attachment on this ground should thus be vacated.

**CONCLUSION**

Plaintiff's attachments of assets belonging to Defendant Univan should be vacated because Plaintiff's factual allegations are belied by the record. Finally, to the extent relief is not granted by the foregoing, the Court should refuse to hear Plaintiff's alter ego corporate veil piercing argument as improper in this proceeding.

Dated: New York, New York
July 21, 2008

WATSON, FARLEY & WILLIAMS (NEW YORK) LLP

By: ______________________________
Alfred E. Yudes, Jr. (AEY-4152)
Neil A. Quartaro (NAQ-9640)
100 Park Avenue, 31st Floor
New York, NY 10017

To: Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
420 Lexington Ave., Suite 300
New York, NY 10170
Attn.: Kevin J. Lennon, Esq.
Patrick F. Lennon, Esq.

CERTIFICATE OF SERVICE

Neil A. Quartaro declares and states that:

I am not a party to these actions, am over 18 years of age and work in New York, New York. I am an employee with Watson, Farley & Williams (New York) L.L.P. attorneys for Plaintiffs with offices at 100 Park Avenue, 31st Floor, New York, NY 10017.

On July 21, 2008, I served true copies of the attached Defendant Univan Ship Management Limited's Memorandum of Law in Support of Motion to Vacate Attachment, Affidavit of Neil A. Quartaro, and Affidavit of Capt. C.A. Vanderperrre on:

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
420 Lexington Ave., Suite 300
New York, NY 10170
Attn.: Kevin J. Lennon, Esq.
Patrick F. Lennon, Esq.

by furnishing delivering the same to an overnight courier with instructions to deliver them to Plaintiff's counsel above.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on: July 21, 2008

____________________________
Neil A. Quartaro



19100229 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANGZHOU CSSC - OCEANLINE - GWS MARINE ENGINEERING CO., LTD.,
Plaintiff,

- against -

UNIVAN SHIP MANAGEMENT LIMITED WISEBERG HOLDINGS LTD., AND EWANTAS OIL SDN BHD.
Defendants

Case No. 08 CV 6299 (LAK)

# **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE ATTACHMENT**

*Submitted By:*
Watson, Farley & Williams (New York) LLP
Attorneys for Defendant
Univan Ship Management Ltd.
Alfred E. Yudes, Jr. (AEY-4152)
Neil A. Quartaro (NAQ-9640)
100 Park Avenue, 31st Floor
New York, NY 10017

## INTRODUCTION

Plaintiff GUANGZHOU CSSC - OCEANLINE - GWS MARINE ENGINEERING CO., LTD., ("Guangzhou" or "Plaintiff") filed a Verified Complaint ("Complaint") and obtained an Order for Maritime Attachment Pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims, Rule B ("Rule B") on July 14, 2008, seeking payment for allegedly overdue invoices under a ship repair contract. Plaintiff has attached over $735,000 in bank accounts and wire transfers identified with Defendant UNIVAN SHIP MANAGEMENT LIMITED ("Univan"). As a basis for these attachments, Plaintiff alleges: (1) the existence of a guarantee of payment; and (2) that Univan and co-Defendants WISEBERG HOLDING LTD. ("Wiseberg"), and EWANTAS OIL SDN BHD. ("Kwantas")[1] are alter egos and Plaintiff is free to disregard their corporate forms. As is demonstrated below, these arguments are factually incorrect and the Rule B attachment should be vacated.

## FACTS

The underlying dispute involves the dry-docking of M/T DIANA (the "Vessel"), an ocean-going tanker owned by Wiseberg, at a facility owned by Plaintiff. Univan is a Hong Kong ship management company that provides management assistance to ship owners such as Wiseberg. (Vanderperrre ¶2). Univan is engaged by Wiseberg as technical manager of the Vessel under an agreement dated January 4, 2007 (Quartaro Aff. Ex. 5). Univan acted as agent for Wiseberg Holdings during the dry-docking and is not a party to the contract between Wiseberg and Plaintiff. (Vanderperrre ¶5; see Complaint ¶12). According to Plaintiff, the merits of this dispute between Wiseberg and Plaintiff are subject to arbitration in China. (Complaint ¶9).

---

[1] The Complaint refers to "Ewantas Oil Sdn Bhd", but this appears to be a mis-spelling of the publicly-traded "Kwantas Oil Sdn Bhd.", based in Malaysia. (see Vanderperre Aff. ¶¶10-11; Quartaro Aff. ¶¶9-11 & Ex. 4). For clarity, this Memorandum uses the correct name, Kwantas.

Univan does not own any vessels. (Vanderperre ¶2). Ship management companies are common in the maritime industry and it is widely recognized that they act for their ship-owning principals. (*Id.*). In this case, Univan disclosed its principal numerous times, and the correspondence between Univan and Plaintiff shows that Plaintiff was aware at all times that Univan was acting as agent for Wiseberg. For example, a November 24, 2007, email from Univan to Plaintiff confirming that the dry-dock was booked states:

> We are pleased to inform you that the owners have send [sic] their confirmation for booking the dry dock space for the subject vessel at [Plaintiff's dry-dock facility].

(Vanderperre Aff. Ex. 2).

This email was signed by Univan as "Univan Ship Management As Agent Only". (*Id.*). Plaintiff responded to the above email on November 26, 2007, asking that Univan "kindly inform owner that we accept their firm booking order . . .". (Vanderperre Aff. Ex. 3). Plaintiff concedes that it knew Wiseberg owns the Vessel and Univan is just a manager (Complaint ¶12) and does not directly allege breach of contract against Univan. (*Id.*). Univan did not agree to pay for the repairs to the Vessel, and did not issue any kind of guarantee of payment to Plaintiff. (Vanderperre ¶8).

Plaintiff also alleges that Univan owns the Vessel. (Complaint ¶16). However, the Lloyd's Register's on-line Registry, Sea-Web, referred to by Plaintiff as the source of its information, identifies Defendant Wiseberg Holdings Ltd. as the owner of M/T DIANA. (Quartaro Aff. Ex. 1). In addition to Lloyd's, the Internet site www.equasis.org ("Equasis"), also a reliable source of ship ownership and management information, identifies Defendant Wiseberg as the owner of M/T DIANA and Univan as only a manager (Quartaro Aff. Ex. 1).

Plaintiff's factual allegations are belied by the evidence before this Court, including the telling absence of an agreement to arbitrate with Univan. In light of the numerous factual

inaccuracies in the Complaint, Plaintiff has not pled its causes of action in a supportable manner and the attachments against Defendant Univan should be vacated.

## LEGAL ARGUMENT
## POINT 1

### THE ATTACHMENT SHOULD BE VACATED BECAUSE THERE IS NO PAYMENT GUARANTEE

Plaintiff alleges as a second cause of action that Univan issued a payment guarantee to Plaintiff for the unpaid balance of the repair costs on the Vessel, but offers no support for this allegation. (Complaint ¶13). However, Univan has provided sworn testimony that it did not at any time issue to Plaintiff a guarantee of payment for the work performed by Plaintiff on the Vessel. (Vanderperre ¶8). In the absence of any evidence of the alleged guarantee, and in the face of Univan's denial that such a guarantee exists, the Rule B attachment cannot be supported on this ground and should be vacated.

## POINT 2

### THE ATTACHMENT SHOULD BE VACATED BECAUSE PLAINTIFF CANNOT MAKE A PRIMA FACIE ALTER EGO SHOWING

Plaintiff's third cause of action alleges that Univan and Wiseberg are commonly owned and managed, with common officers and directors, and are thus liable on an alter ego corporate veil piercing theory. All of Plaintiff's alter ego factual allegations are demonstrably wrong. In the Rule B attachment context, *Aqua Stoli Shipping Ltd. v. Gardner Smith P.T.Y. Ltd.*, 460 F.3d 434 (2d Cir.2006) provides the proper standard.[2] In admiralty disputes, Federal courts apply

---

[2] One case, decided before *Aqua Stoli*, applied an arguably higher standard to a request for maritime attachments based on alter ego status. *See Ullises Shipping Corp. v. FAL Shipping Co. Ltd et al.*, 415 F.Supp.2d 318, 323 (S.D.N.Y. 2006) (holding that the plaintiff must present enough evidence to convince the court that there are reasonable grounds for piercing the corporate veil). However, *Aqua Stoli* strongly suggests that the Ullises standard is no longer good law on this point. *See Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS

federal common law when analyzing corporate identity. *Status Int'l S.A. v. M & D Maritime Ltd.*, 994 F.Supp. 182, 186 (S.D.N.Y. 1998) (*citing Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir. 1986)). "Federal common law allows piercing of the corporate veil where (1) a corporation uses its alter ego status to perpetrate a fraud or (2) where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own." *Id.* (citation omitted).

Plaintiff alleges that Univan and Wiseberg: "are commonly owned and managed, and share common officers and/or directors and/or employees, and common office addresses, telephone and telefax numbers, and email addresses." (Complaint ¶17). The corporate details for Wiseberg are publicly available on-line at the Internet site maintained by Government of Hong Kong. (Quartaro ¶7). According to its 2007 Annual Report, Wiseberg is a Hong Kong company owned by Kwan Ngen Chung and Kwan Ngen Wah, who are also the sole Directors. (Quartaro Aff. Ex. 3). The corporate Secretary of Wiseberg is identified as Jun Zhao, and the registered office is listed as 3A, Sang Woo Building, 227-228 Gloucester Road, Causeway Bay, Hong Kong. (*Id.*).

In contrast, Univan is wholly owned by the Vanlink Group Limited, of the British Virgin Islands. (Vanderperre ¶3). The Directors of Univan are Capt. C.A. Vanderperre and Yick Kuen Lo. (*Id.*). This information is publicly available on the Internet, as is Univan's Annual Return listing its shareholders and offices at Suite 801, 8th Floor, Asian House, 1 Hennessey Rd., Wanchai, Hong Kong. (*Id.*). These offices are not shared with the other Defendants to this action. (Vanderperre ¶4). In fact, contrary to Plaintiff's allegations, Univan does not share ownership, management, office space, addresses, directors, employees, telephone numbers,

---

60770, *1 (S.D.N.Y.2006) (referring to Order dated August 15, 2006). In either event, Plaintiff has presented no evidence in support of its alter ego argument.

telefax numbers, or email addresses with Wiseberg or Kwantas. (*Id.*; *compare* Vanderperre Aff. Ex. 1 *with* Quartaro Aff. Exs. 3 & 4).

The Complaint's fourth cause of action alleges that Univan operates Kwantas as an alter ego, a mere shell corporation with no separate identity, corporate existence, assets, employees, or offices. (Complaint ¶18-25). In fact, Kwantas is a major Malaysian company publicly traded on the Kuala Lumpur stock exchange. (Quartaro Aff. ¶11 & Ex. 4). Kwantas, apparently engaged in the Palm-oil extraction business, maintains an Internet site showing its corporate structure, which makes no reference to Univan. (Quartaro Aff. Ex. 4). A search of the Kwantas Internet site for the word "Univan" returned no hits. (*Id.*). Furthermore, the Kwantas Internet site provides contact details for a head office at Lot 1-4, 1st Floor, Fordeco Building, Jalan Singamata, 91100 Lahad Datu, Sabah, Malaysia Tel : + (60) 89-88 1188, Fax : +(60) 89-88 2399, info@kwantas.com.my, as well as 3 other offices throughout Asia. (*Id.*).

Kwantas is not owned or controlled by Univan and Univan has no equity position in Kwantas or any of its affiliated companies. (Vanderperre Aff. ¶11). It is possible that Kwantas and Wiseberg have a commercial relationship and that Kwantas remitted certain sums in relation to the dry-dock invoice at issue, but Univan has no involvement in this relationship. (Vanderperre Aff. ¶12). Any suggestion that Kwantas holds or transfer monies on behalf of Univan, or makes payments on its behalf, is incorrect. (Vanderperre Aff. ¶¶13-14). Univan and Kwantas have no common ventures, are not partners in any business organizations anywhere in the world, are not affiliated in any way, and Kwantas does not hold any assets belonging to Univan. (Vanderperre Aff. ¶15). Plaintiff has no evidence to support its alter ego allegations and the Rule B Attachment on this ground should thus be vacated.

**CONCLUSION**

Plaintiff's attachments of assets belonging to Defendant Univan should be vacated because Plaintiff's factual allegations are belied by the record. Finally, to the extent relief is not granted by the foregoing, the Court should refuse to hear Plaintiff's alter ego corporate veil piercing argument as improper in this proceeding.

Dated: New York, New York
July 21, 2008

WATSON, FARLEY & WILLIAMS (NEW YORK) LLP

By: [signature]
Alfred E. Yudes, Jr. (AEY-4152)
Neil A. Quartaro (NAQ-9640)
100 Park Avenue, 31st Floor
New York, NY 10017

To: Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
420 Lexington Ave., Suite 300
New York, NY 10170
Attn.: Kevin J. Lennon, Esq.
Patrick F. Lennon, Esq.

CERTIFICATE OF SERVICE

Neil A. Quartaro declares and states that:

I am not a party to these actions, am over 18 years of age and work in New York, New York. I am an employee with Watson, Farley & Williams (New York) L.L.P. attorneys for Plaintiffs with offices at 100 Park Avenue, 31st Floor, New York, NY 10017.

On July 21, 2008, I served true copies of the attached Defendant Univan Ship Management Limited's Memorandum of Law in Support of Motion to Vacate Attachment, Affidavit of Neil A. Quartaro, and Affidavit of Capt. C.A. Vanderperrre on:

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiff
420 Lexington Ave., Suite 300
New York, NY 10170
Attn.: Kevin J. Lennon, Esq.
Patrick F. Lennon, Esq.

by furnishing delivering the same to an overnight courier with instructions to deliver them to Plaintiff's counsel above.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on: July 21, 2008

Neil A. Quartaro