UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANGZHOU CSSC - OCEANLINE - GWS
MARINE ENGINEERING CO., LTD.,

                                Plaintiff,

        - against -

UNIVAN SHIP MANAGEMENT LIMITED
WISEBERG HOLDINGS LTD., AND
EWANTAS OIL SDN BHD.

                                Defendants

Case No. 08 CV 6299 (LAK)

**AFFIDAVIT OF NEIL A.
QUARTARO IN SUPPORT
OF DEFENDANT'S
MOTION TO VACATE
ATTACHMENT**

STATE OF NEW YORK       )
                        )  ss:
COUNTY OF NEW YORK  )

NEIL A. QUARTARO, being duly sworn, deposes and says pursuant to the penalties of perjury under the laws of the United States of America:

1.      I am an attorney with the law firm of Watson, Farley & Williams (New York) LLP, counsel for defendant Univan Ship Management Limited ("Univan") and make this affidavit based upon my knowledge and documents provided to me by Univan, except for those matters stated to be upon information and belief, and as to those matters I believe them to be true.

2.      I make this Affidavit in support of Univan's Motion to Vacate Attachment Pursuant to Federal Rule of Civil Procedure Rule E(4)(f) and for Attorney's Fees.

3.      According to the instant Verified Complaint ("Complaint") and accompanying Order for Maritime Attachment Pursuant to Federal Rule of Civil Procedure Rule B ("Rule B"), filed July 14, 2008, Plaintiff seeks payment for allegedly overdue invoices related to the dry-docking and repair of M/T DIANA.

4.      At paragraph 16 of the Complaint, it is alleged that Univan is reported to be the beneficial owner of M/T DIANA.  However, the Lloyd's Register's on-line Registry, Sea-Web, referred to by Plaintiff as the source of its information, identifies Defendant Wiseberg Holdings Ltd. as the Owner of M/T DIANA.  Attached hereto as Exhibit 1 is a true and correct copy of the Sea-Web Internet page containing this information.

5.      In addition to Lloyds, the Internet site www.equasis.org ("Equasis") is considered to be a reliable source of ownership and management information for ocean-going vessels.  The Equasis Internet site also identifies Defendant Wiseberg as the owner of M/T DIANA and Univan as manager only.  Attached hereto as Exhibit 2 is a true and correct copy of the Equasis Internet page containing this information.

6.      At paragraph 17 of the Complaint, it is alleged that Univan and Wiseberg: "are commonly owned and managed, and share common officers and/or directors and/or employees, and common office addresses, telephone and telefax numbers, and email addresses."

7.      The corporate details for Wiseberg are publicly available on-line at the Internet site maintained by Government of Hong Kong Special Administrative Region Companies Registry at http://www.cr.gov.hk/en/home/index.htm.  According to its 2007 Annual Report, Wiseberg is a Hong Kong company owned by Kwan Ngen Chung and Kwan Ngen Wah, who are also the sole Directors.  The corporate Secretary of Wiseberg is identified as Jun Zhao, and the registered office is listed as 3A, Sang Woo Building, 227-228 Gloucester Road, Causeway Bay, Hong Kong.  Attached hereto as Exhibit 3 is a true and correct copy of the publicly available 2007 Annual Report and for Wiseberg.

8.      The Complaint further alleges that Defendant Ewantas Oil Sdn Bhd. ("Ewantas") is an alter-ego of Univan.

9.      Upon information and belief, Plaintiff's references to Ewantas in fact refer to Kwantas Oil Sdn Bhd. ("Kwantas").

10.     A search of the Internet using the Google search engine immediately returned the Internet website of Kwantas.

11.     Upon information and belief, Kwantas is a publicly traded company listed on the Kuala Lumpur stock exchange, accounting for approximately 8% of that exchange's value.  Kwantas is apparently engaged in the Palm-oil extraction business.  The Kwantas Internet site contains a corporate structure that makes no reference to Univan.  A search of the Kwantas Internet site for the word "Univan" returned no hits.  Furthermore, the Kwantas Internet site provides contact details for a head office at Lot 1-4, 1st Floor, Fordeco Building, Jalan Singamata, 91100 Lahad Datu, Sabah, Malaysia Tel  : + (60) 89-88 1188, Fax : +(60) 89-88 2399, info@kwantas.com.my.  The Kwantas Contact Internet page identifies 3 other additional offices.  Attached hereto as Exhibit 4 are true and correct copies of pages printed from the Kwantas Internet site and referred to above.

12.     Univan is engaged by Wiseberg as technical manager of the Vessel under an agreement dated January 4, 2007.  Attached hereto as Exhibit 5 is a true and correct copy of the January 4, 2007, agreement.


Dated: New York, New York
        July 21, 2008

_____
Neil A. Quartaro


Subscribed and sworn to before me this 21st Day of July, 2008

SONIA D. ODOM
Notary Public, State of New York
No. 01OD6007984
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires June 1, 2010

_____
Notary Public

19100227 v1

Exhibit 1

# SHIP OVERVIEW

| | | | | |
|---|---|---|---|---|
| Ship Name | **DIANA** | Shiptype | **Chemical/Products Tanker** | |
| Year of Build | **1985** | LR/IMO Ship No. | **8418904** | |
| Gross Tonnage | **5,266** | Deadweight | **9,306** | |
| MMSI No. | **477657400** | Call Sign | **VRCO5** | |
| Status | **In Service/Commission** | Flag | **Hong Kong, China** | |
| Last Updated | **2008-05-09** | Data validated | | |



# REGISTRATION, P&I, AND COMMUNICATIONS

| | | | |
|---|---|---|---|
| Port of Registry | **Hong Kong** | Flag | **Hong Kong, China** |
| Official Number | **HK-1850** | Sat Com ID | |
| Sat Com Ans Back | | Fishing Number | |
| P&I Club | **SKULD - Oslo** | | |

# OWNERSHIP

| | | | | | |
|---|---|---|---|---|---|
| Group Owner | **Univan Ship Management Ltd** | Location | **Hong Kong, China** | | |
| Shipmanager | **Univan Ship Management Ltd** | Location | **Hong Kong, China** | | |
| Operator | **Univan Ship Management Ltd** | Location | **Hong Kong, China** | | |
| DOC Company | **Univan Ship Management Ltd** | Location | **Hong Kong, China** | IMO Company No (DOC) | **0104949** |
| Registered Owner | **Wiseberg Holdings Ltd** | Location | **Malaysia** | IMO Registered Owner No | **5282439** |

© 2008 Lloyd's Register - Fairplay Ltd. Lloyd's Register - Fairplay Ltd assumes no responsibility and shall not be liable to any person for any loss, damage or expense caused by reliance on the information or advice in this document or howsoever provided, unless that person has a contract with Lloyd's Register - Fairplay Ltd and in that case any responsibility or liability is exclusively on the terms and conditions set out in that contract.

# Exhibit 2

19100220 v1

# Ship info

| IMO number : | 8418904 |
| --- | --- |
| Name of ship : | DIANA |
| Call Sign : | VRCO5 |
| Gross tonnage : | 5266 |
| Type of ship : | Chemical/Oil Products Tanker |
| Year of build : | 1985 |
| Flag : | Hong Kong, China |
| Status of ship : | In Service |
| Last update : | 2008-05-15 |

## ⯈ MANAGEMENT

| Company number | Role | Name of company | Address |
| --- | --- | --- | --- |
| 0104949 | Ship manager | UNIVAN SHIP MANAGEMENT LTD | 1, Hennessy Road, Wan Chai, Hong Kong HONG KONG, CHINA |
| 5282439 | Registered owner | WISEBERG HOLDINGS LTD | MALAYSIA |
| 0104949 | ISM Manager | UNIVAN SHIP MANAGEMENT LTD | 1, Hennessy Road, Wan Chai, Hong Kong HONG KONG, CHINA |

## ⯈ CLASSIFICATION

| Classification society | Date survey | Date next survey | Date of status | Status | Reason |
| --- | --- | --- | --- | --- | --- |
| Lloyd's Register of Shipping | 2004-11-05 | 2009-11-04 | | | |

## ⯈ SAFETY MANAGEMENT CERTIFICATE (IACS WHITE LIST)

| Classification society | Date survey | Date expiry | Date of status | Status | Reason | Type |
| --- | --- | --- | --- | --- | --- | --- |
| Lloyd's Register of Shipping | 2007-06-09 | 2009-12-08 | 2008-05-01 | Delivered | | Statutory |
| Korean Register of Shipping | 2005-07-19 | 2010-07-18 | 2005-07-19 | Delivered | | Statutory |

## ⯈ P&I INFORMATION

| Name of P&I insurer | Date of inception |
| --- | --- |
| Assuranceforeningen Skuld - Norway | 2008-06-02 |

© Copyright 2000-2006; Version : prodPV_2_1_2; Developed and hosted by : France-Ministry for Transport -DAM/SI

Exhibit 3



**CR**

公司註冊處
**Companies Registry**

周年申報表
**Annual Return**

(公司條例第 107(1)條)
(Companies Ordinance s. 107(1))

表格
**Form** AR1

存案 Filed

### 重要事項  Important Notes

- 填表前請參閱《填表須知》。
  請用黑色墨水列印。
- Please read the accompanying notes before completing this form.
  Please print in black ink.

公司編號 **Company Number**

| 1069620 |
|---|

**1  公司名稱 Company Name**

> WISEBERG HOLDINGS LIMITED
> 威寶集團有限公司

(註 Note 8) **2  商業名稱 Business Name**

> N/A

**3  公司類別 Type of Company**

請在有關空格內加 ✓ 號  Please tick the relevant box

- [✓] 有股本的私人公司
  Private Company having a share capital
- [ ] 其他
  Others

**4  本申報表日期 Date of this Return**

本申報表列載公司截至右列日期為止的資料
The information in this Return is made up to

| 25 | 08 | 2007 |
|---|---|---|
| 日 DD | 月 MM | 年 YYYY |

(如屬有股本的私人公司，本申報表列載截至公司成立為法團的周年日的資料。如屬其他公司，所列載的資料則截至公司周年大會日期或以代替周年大會的書面決議的日期為止。)

*For a private company having a share capital, the information in this Return should be made up to the anniversary of the date of incorporation. For other companies, the information should be made up to the date of the annual general meeting (AGM) or the date of written resolution passed in lieu of AGM.)*

(註 Note 9) **5  註冊辦事處地址 Address of Registered Office**

> 3A, Sang Woo Building, 227-228 Gloucester Road, Causeway Bay, Hong Kong.

(註 Note 10) **6  電郵地址 E-mail Address**

(註 Note 3) 提交人的資料 **Presentor's Reference**

姓名 Name:  ZHAO, Jun

地址 Address: 3A, Sang Woo Building,
            227-228 Gloucester Road,
            Wanchai, Hong Kong

電話 Tel: 2838 9022      傳真 Fax: 2838 8500

電郵地址 E-mail Address: jun.zhao@allwealth-hk.com

檔號 Reference:

說明書編號 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

請勿填寫本欄 **For Official Use**



23200211043
AR1L
30/08/2007          1069620

*(Ar1.Frm)*

0021

表格
Form **AR1**

公司編號 Company Number

| 1069620 |

---

**7  按揭及押記 Mortgages and Charges**

截至本申報表日期，所有須根據《公司條例》第 80 及第 82 條規定向公司註冊處處長登記的按揭及押記的未償還總額
Total Amount outstanding as of the Date of this Return on all mortgages and charges which are required to be registered with the Registrar of Companies pursuant to sections 80 and 82 of the Companies Ordinance

| (Nil) |

---

(註 Note 11)  **8  無股本公司的成員數目 Number of Member(s) of a Company Not Having a Share Capital**

*(有股本的公司毋須填報此項  Company having a share capital need not complete this section)*

截至本申報表日期的成員數目
Number of member(s) as at the Date of this Return

| |

---

(註 Note 12)  **9  股本 Share Capital**

*(無股本的公司毋須填報第 9 及第 10 項  Company not having a share capital need not complete sections 9 & 10)*

| | 截至本申報表日期 As at the Date of this Return | | | | |
|---|---|---|---|---|---|
| | 法定股本<br>Authorized<br>Share Capital | 已發行股本<br>Issued Share Capital | | | |
| 股份類別<br>Class of Shares | 總面值<br>*Total*<br>Nominal Value † | 已發行<br>股份數目<br>Number of<br>Shares Issued<br><br>(a) | 每股已<br>發行股份<br>的面值<br>Nominal Value<br>of Each Share<br>Issued †<br>(b) | 已發行股份的<br>總面值<br>*Total* Nominal<br>Value of Shares<br>Issued †<br>(a) x (b) | 已發行股份的<br>已繳股款總值<br>(不包括溢價)<br>*Total* Paid up Value<br>of Shares Issued †<br>(excluding premium) |
| ORDINARY | HKD10,000.00 | 10,000 | HKD1.00 | HKD10,000.00 | HKD10,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| 總值<br>Total | HKD10,000.00 | 10,000 | ▨ | HKD10,000.00 | HKD10,000.00 |

† 請註明貨幣單位 (例如：港元、美元)
  Please specify the currency (e.g. HKD, USD)

說明書編號 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

第二頁 Page 2

*(Ar1.Frm)*

0022

表格 **AR1**
Form

公司編號 Company Number

1069620

(註 Note 13) **10** 有股本公司的成員詳情 Details of Member(s) of a Company Having a Share Capital
*(如未能盡錄於下列表格內，請用續頁 A 填報 Use Continuation Sheet A if there is insufficient space)*

截至本申報表日期的成員詳情 Details of Member(s) as at the Date of this Return

股份類別 Class of Shares

ORDINARY

如公司的股份自上一份周年申報表日期以來（如屬首份周年申報表，則自公司成立或在法團以來）
有任何轉讓，有關詳情亦請一併填報；股份受讓人的姓名／名稱請在「備註」一欄註明。
If there have been any transfers of the company's shares since the date of the last Annual Return (or since
incorporation if this is the first Annual Return), please also provide details of the transfers; the name of the transferee
should be stated in the 'Remarks' column.

| 姓名／名稱<br>Name | 地址<br>Address | 股份 Shares | | | 備註<br>Remarks |
|---|---|---|---|---|---|
| | | 現時持有量<br>Current Holding | 轉讓 Transferred | | |
| | | | 數目<br>Number | 日期<br>Date | |
| Ready-Made Incorporations Limited | Jipfa Building, 3rd Floor, Road Town, Tortola, British Virgin Islands. | 0 | 1 | 24/10/2006 | Transferred to Kwan Ngen Chung |
| 關元崇<br>Kwan Ngen Chung | C11-10, Marina Court Condominium, API-API Centre, 88000 Kota Kinabalu, Sabah, Malaysia | 5,000 | | | 4,999 shares allotted on 20/10/2006 |
| 關元華<br>Kwan Ngen Wah | 2-12-3, The Peak Condominium, Signal Hill Tanjung Lipat, 88400 Kota Kinabalu, Sabah, Malaysia | 5,000 | | | 5,000 shares allotted on 20/10/2006 |
| | 總數<br>Total | 10,000 | | | |

*(handwritten: STEVE KWAN →)*

指明規格 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

第三頁 Page 3

*(Ar1.Frm)*

0023

表格
Form **AR1**

公司編號 Company Number

1069620

## 11 秘書 Secretary

### A. 個人秘書 Individual Secretary
(如超過一名個人秘書，請用續頁 B 填報  Use Continuation Sheet B if more than 1 individual secretary)

| 中文姓名<br>Name in Chinese | 趙軍 | |
|---|---|---|
| 英文姓名<br>Name in English | ZHAO | Jun |
| | 姓氏 Surname | 名字 Other Names |

| 前用姓名<br>Previous Names | |
|---|---|

| 別名<br>Alias | |
|---|---|

| (註 Note 14) | 香港住址<br>Hong Kong<br>Residential<br>Address | 3A, Sang Woo Building<br>227-228 Gloucester Road<br>Hong Kong |
|---|---|---|

| (註 Note 15) | 電郵地址<br>E-mail Address | |
|---|---|---|

(註 Note 16)  身份證明 Identification

| a | 香港身份證號碼<br>Hong Kong Identity Card Number | K642927(0) |
|---|---|---|

| b | 海外護照<br>Overseas Passport | (Nil) | (Nil) |
|---|---|---|---|
| | | 簽發國家 Issuing Country | 號碼 Number |

### B. 法人團體秘書 Corporate Secretary
(如超過一名法人團體秘書，請用續頁 B 填報  Use Continuation Sheet B if more than 1 corporate secretary)

| (註 Note 17) | 中文名稱<br>Name in Chinese | |
|---|---|---|

| (註 Note 17) | 英文名稱<br>Name in English | |
|---|---|---|

| (註 Note 18) | 香港地址<br>Hong Kong<br>Address | |
|---|---|---|

| (註 Note 15) | 電郵地址<br>E-mail Address | |
|---|---|---|

| | 公司編號 Company Number<br>(只適用於在香港註冊的法人團體)<br>(Only applicable to body corporate registered in Hong Kong) | |
|---|---|---|

第四頁 Page 4

指明規格 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

(Ar1.Frm)

0024

表格
Form **AR1**

公司編號 Company Number

| 1069620 |

**12 董事 Director**

**A. 個人董事 Individual Director**
(如超過兩名個人董事，採用續頁 C 填報)   Use Continuation Sheet C if more than 2 individual directors)

(註 Note 19)  **1 身份**
**Capacity**  ☑ 董事 Director  ☐ 候補董事 Alternate Director  代替 Alternate to

中文姓名
**Name in Chinese**  | 關元棻 |

英文姓名
**Name in English**  | KWAN | Ngen   Chung |

姓氏 Surname          名字 Other Names

前用姓名
**Previous Names**  | (Nil) |

別名
**Alias**  | (Nil) |

(註 Note 20)  住址
**Residential Address**

| C11-10, Marina Court Condominium, API-API Centre 88000 Kota Kinabalu, Sabah | Malaysia |

國家 Country

(註 Note 21)  電郵地址
**E-mail Address**

(註 Note 22)  身份證明 Identification

a  香港身份證號碼
   Hong Kong Identity Card Number

b  海外護照  | Malaysia | H15174229 |

簽發國家 Issuing Country        號碼 Number

表格
Form **AR1**

公司編號 **Company Number**

| 1069620 |

**12  董事 Director** (接上頁 cont'd)

(註 Note 19)  **2  身份**
**Capacity**

☑ 董事
Director

☐ 候補董事
Alternate Director

代容 Alternate to

中文姓名
Name in Chinese

| 關元華 |

英文姓名
Name in English

| KWAN | Ngen Wah |
| 姓氏 Surname | 名字 Other Names |

前用姓名
Previous Names

| (Nil) |

別名
Alias

| (Nil) |

(註 Note 20)  住址
Residential
Address

| 2-12-3, The Peak Condominium<br>Signal Hill Tanjung Lipat<br>88400 Kota Kinabalu, Sabah | Malaysia |
| | 國家 Country |

(註 Note 21)  電郵地址
E-mail Address

| (Nil) |

(註 Note 22)  身份證明 Identification

a  香港身份證號碼
Hong Kong Identity Card Number

| (Nil) |

b  海外護照
Overseas Passport

| Malaysia | H10722931 |
| 簽發國家 Issuing Country | 號碼 Number |

指明規格 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

第六頁 Page 6

*(Ar1.Frm)*

0026

表格
Form **AR1**

公司編號 Company Number

1069620

**12  董事 Director**  (接上頁 cont'd)

**B. 法人團體董事 Corporate Director**

*(如超過兩名法人團體董事，請用續頁 D 填報  Use Continuation Sheet D if more than 2 corporate directors)*

| | | | | |
|---|---|---|---|---|
| (註 Note 19) | 1 | 身份<br>Capacity | ☐ 董事<br>Director  ☐ 候補董事<br>Alternate Director | 代替 Alternate to |

中文名稱
Name in Chinese

英文名稱
Name in English

(註 Note 23)   地址
Address

國家 Country

(註 Note 21)   電郵地址
E-mail Address

公司編號 Company Number
*(只適用於在香港註冊的法人團體)*
*(Only applicable to body corporate registered in Hong Kong)*

| | | | | |
|---|---|---|---|---|
| (註 Note 19) | 2 | 身份<br>Capacity | ☐ 董事<br>Director  ☐ 候補董事<br>Alternate Director | 代替 Alternate to |

中文名稱
Name in Chinese

英文名稱
Name in English

(註 Note 23)   地址
Address

國家 Country

(註 Note 21)   電郵地址
E-mail Address

公司編號 Company Number
*(只適用於在香港註冊的法人團體)*
*(Only applicable to body corporate registered in Hong Kong)*

表格
Form **AR1**

公司編號 Company Number

1069620

12  董事 Director  (接上頁 cont'd)

C. 備任董事 Reserve Director
(只適用於只有一名成員而該成員同時亦是唯一董事的私人公司  Only applicable to a private company with only one member who is also the sole director of the company)

中文姓名
Name in Chinese

英文姓名
Name in English

姓氏 Surname          名字 Other Names

前用姓名
Previous Names

別名
Alias

(註 Note 20)  住址
Residential
Address

國家 Country

(註 Note 21)  電郵地址
E-mail Address

(註 Note 22)  身份證明 Identification
a  香港身份證號碼
Hong Kong Identity Card Number

b  海外護照
Overseas Passport

簽發國家 Issuing Country          號碼 Number

表格 **AR1**
Form

公司編號 Company Number

1069620

### 13 登記冊 Registers

公司冊存下列登記冊的地址(如並非保存於第 5 項的註冊辦事處內)
Address where the following registers of the company are kept (if not kept at the Registered Office in Section 5)

登記冊 Register　　　　　　　地址 Address

a　成員登記冊
　　Register of Members

N/A

b　債權證持有人登記冊
　　(如有的話)
　　Register of Debenture
　　Holders (if any)

N/A

(註 Note 24) **14** 隨表提交的帳目所涵蓋的會計結算始末日期
**Period Covered by Accounts Submitted with this Form**
(私人公司毋須填寫此項　A private company need not complete this section)

| 日 DD | 月 MM | 年 YYYY | | 日 DD | 月 MM | 年 YYYY |
|---|---|---|---|---|---|---|
| | | | 至<br>To | | | |

### 15 證明書 Certificate

(此項證明只適用於私人公司。如不適用，請刪去此項。)
(This Certificate should only be completed in respect of a private company.  If not applicable, please delete.)

本人證明公司自上一份周年申報表日期以來(如屬首份周年申報表，則自成立為法團以來)，並無
發出任何文件，邀請公眾人士認購公司任何股份或債權證；同時如成員數目於本申報表日期超過
五十，則所超出的成員，全是根據《公司條例》第 29(1)(b)條不須計算入該五十名額內的人士。
I certify that the company has not, since the date of the last Annual Return (or since incorporation if this is the first
Annual Return), issued any invitation to the public to subscribe for any shares or debentures in the company and that
if the number of members is in excess of 50 as at the Date of this Return, the excess are persons who under section
29(1)(b) of the Companies Ordinance are not to be included in the calculation of 50.

本申報表包括 _____ 張續頁 A、 _____ 張續頁 B、 _____ 張續頁 C 及 _____ 張續頁 D。
This Return Includes _____ 0 _____ Continuation Sheet(s) A, _____ 0 _____ Continuation Sheet(s) B, _____ 0 _____
Continuation Sheet(s) C and _____ 0 _____ Continuation Sheet(s) D.

簽署 Signed :

姓名 Name : _____ Zhao, Jun _____　　　日期 Date : _____ 27/08/2007 _____
　　　　　　　董事 Director / 秘書 Secretary *　　　　　　　　　　　　日 DD / 月 MM / 年 YYYY

*請刪去不適用者　Delete whichever does not apply

說明編號 2/2004 (修訂) (2004 年 2 月)
Specification No. 2/2004 (Revision) (Feb. 2004)

第九頁 Page 9

(Ar1.Frm)

60029

**CR**

No. _____1069620_____
編號

## COMPANIES ORDINANCE
## (CHAPTER 32)
香 港 法 例 第 32 章
公 司 條 例

## CERTIFICATE OF INCORPORATION
公 司 註 冊 證 書

———————— * * * ————————

**I hereby certify that**
本 人 謹 此 證 明

WISEBERG HOLDINGS LIMITED
威寶集團有限公司

**is this day incorporated in Hong Kong under the Companies Ordinance,**
於 本 日 在 香 港 依 據 公 司 條 例 註 冊 成 為

**and that this company is limited.**
有 限 公 司 。

**Issued by the undersigned on** 25 August 2006 .
本 證 書 於 二 〇 〇 六 年 八 月 二 十 五 日 簽 發 。

Miss Nancy O. S. YAU
..........................................................
**for Registrar of Companies**
**Hong Kong**
香港公司註冊處處長
（ 公 司 註 冊 主 任  邱愛琛  代 行 ）

Exhibit 4





CORPORATE PROFILE | BUSINESS | INVESTOR RELATIONS | NEWS ROOM

CORPORATE PROFILE

Vision & Mission
History
Organisation Structure
Employment



## Organisation Structure

# MALAYSIA Companies

KWANTAS LAND DEVELOPMENT SDN BHD (KLDSB)
Company No:206035-X • Incorporated: 11 Oct 1990

Principal Activity:
• Operation of oil palm plantations

**100%**

KWANTAS OLEO SDN BHD (KOLEO)
Company No:143459-D • Incorporated: 12 Aug 1985

Principal Activity:
• Operation of oil palm plantations

**100%**

HARANKY SDN BHD (HSB)
Company No:28971-K • Incorporated: 18 Aug 1976

Principal Activity:
• Operation of oil palm plantations

**100%**

PALM ENERGY SDN BHD (PESB)
Company No:539089-X • Incorporated: 13 Feb 2001

Principal Activity:
• Operation of a Biomass Power Plant

**100%**

KWANTAS PLANTATIONS SDN BHD (KPSB)
Company No:856636-X • Incorporated: 1 Jun 1982

**100%**

Principal Activities:
• Operation of oil palm plantations
• Stone and gravel quarry

KWANTAS OIL SDN BHD (KOSB)
Company No:57450-X • Incorporated: 21 Apr 1980

**100%**

Principal Activities:
• Operation of palm oil mills, kernel crushing plant & palm oil refinery
• wholesaling & supply of diesel and lubricants

MIRACLE HARVEST SDN BHD (MHSB)
Company No:700310-A • Incorporated: 15 Jul 2005

**70%**

Principal Activity:
• Operation of oil palm plantations

KWANTAS BIO-GAS SDN BHD (KBGSB)
Company No:145295-M • Incorporated: 25 Sept 1985

**100%**

Principal Activity:
• Operation of oil palm plantations

BESAR BERSATU SDN BHD (BBSB)
Company No:143185-D • Incorporated: 5 Aug 1985

**100%**

Principal Activity:
• Operation of oil palm plantations

KWANTAS PERDANA PLANTATIONS (Balingian) SDN BHD (KPPBSB)
Company No:682158-U • Incorporated: 23 Feb 2005

**80%**

Principal Activity:
• Operation of oil palm plantations

MAXIMUNK ENTERPRISE SDN BHD (MESB)
Company No:179828-V • Incorporated: 17 Mar 1989

**100%**

Principal Activity:
• Rental of leasehold land

GREEN ACE RESOURCES SDN BHD (GARSB)
Company No:684478-A • Incorporated: 15 Mar 2005



Principal Activity:
• Operation of oil palm plantations

KWANTAS SPV SDN BHD (SPV)
Company No:722690-K • Incorporated: 03 Feb 2006



Principal Activity:
• Special purpose company for
  Islamic Securities

Kwantas Edible Oil (Bintulu) Sdn Bhd (KEOBSB)
Company No: 57449-K • Incorporated: 21 April 1980



Principal Activity:
• Operation of kernel crushing
  plant and palm oil refinery.

Pristine Prestige Sdn Bhd (PPSB)
Company No: 758973-T • Incorporated: 11 Jan 2007



Principal Activity:
• Dormant

Green Green Grass Sdn Bhd (GGGSB)
Company No: 769163-H • Incorporated: 11 April 2007



Principal Activity:
• Waste Incineration

# FOREIGN Companies

AWANAS INTERNATIONAL PTE LTD
Company No.LL02811 • Incorporated: 19 Apr 2001

Principal Activity:
• International trading

**100%**

SONGMA OILS & FATS
(XX-ANGJAGANG FREE TRADE ZONE)
CO LTD (DMO) (XX%)

Principal Activities:
• Operation of a bulking
  installation in free trade area
• Trading of oils and fats products

**100%**

SONGMA PALM INDUSTRIES
(XX-ANG JAGANG) CO LTD (DMO)

Principal Activity:
• Operation of soap noodle,
  oleochemical and glycerine plants

**100%**

SONGMA (GUANGZHOU FREE TRADE ZONE)
CHEMICALS CO LTD (DMO)

Principal Activities:
• Operation of soap noodle plants
• Trading activities in free trade area

**51%**

SONGMA OILS & FATS
(GUANGZHOU FREE TRADE ZONE)
CO LTD (DMO) (XX%)

Principal Activities:
• Operation of a bulking installation,
  palm oil refinery and shortening
  plants in free trade area.
• Trading of oils and fats products

**51%**

© COPYRIGHT 2005 • KWANTAS CORPORATION BERHAD


kwantas
KWANTAS CORPORATION BERHAD
CORPORATE PROFILE
BUSINESS
INVESTOR RELATIONS
NEWS ROOM
SEARCH
:: Contact Us ::
For additional information please contact:
:: Mr Alvin Chong ::
:: Ms Rachael Kwan ::
Tel : + (60) 88-25 1111
Fax : + (60) 88-25 3399
Email : info@kwantas.com.my
Search This Site
Simple Search: univan
Partial:
Search Site
Search Internet
Advanced Search
© COPYRIGHT 2006 • KWANTAS CORPORATION BERHAD



Contact

CORPORATE PROFILE | BUSINESS | INVESTOR RELATIONS | NEWS ROOM

CONTACT

:: Head Office ::

Lot 1-4, 1st Floor, Fordeco Building, Jalan Singamata, 91100 Lahad Datu, Sabah, Malaysia.

Tel : + (60) 89-88 1188  Fax : +(60) 89-88 2399
Email : info@kwantas.com.my
Website: www.kwantas.com.my

| Corporate Office | Guangzhou Office (China) | Zhangjiagang Office (China) |
|---|---|---|
| Suite 1-6-W9, 6th Floor, CPS Tower, Centre Point Sabah, 88000 Kota Kinabalu, Sabah, Malaysia. | No. 15, Jinqiao Road, Guangzhou Free Trade Zone, Guangzhou 510730, People's Republic of China | Jiangsu Zhangjiagang City Yangtze River International Chemical Park Beijing Road (S) 215633 People's Republic of China |
| Tel : + (60) 88-25 1111 Fax : + (60) 88-25 3399 | Tel : +(86) 20 8222 8179 Fax : +(86) 20 8221 0585 | Tel : + (86) 512 5832 3083 Fax : + (86) 512 5832 3058 |
| Email : info@kwantas.com.my | Email : info@kwantas.com.my | Email : info@kwantas.com.my |

© COPYRIGHT 2006 • KWANTAS CORPORATION BERHAD

Exhibit 5

19100220 v1

**THIS MANAGEMENT AGREEMENT** dated    4th January 2007 is made between

1.    **Wiseberg Holdings Limited, Hong Kong** whose registered office is at **3A SANG WOO BLDG, 227-228 GLOUCESTER RD, CAUSEWAY BAY, HONG KONG** ("the Owner"); and

2.    **Belindtha Marine Ltd.** whose registered office is at P O Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands ("the Manager").

**Whereby it is agreed: -**

A    Appointment

(1)    The Owner hereby appoints the Manager, and the Manager hereby accepts the appointment, as technical manager of the vessel (the "Vessel") described briefly as:

| | | |
|---|---|---|
| Name of Vessel | : | M.T. MASTERY TBRN M.T. DIANA |
| Flag & Port of Registry | : | HONG KONG,  HONG KONG |
| Registered Tonnage | : | 5266 |
| Classification | : | LR |
| Year Built | : | 1985 |

(2)    The Manager shall during the continuance of this Agreement have the sole and exclusive management of the Vessel and shall to the best of its ability and in accordance with sound ship management practice represent the Owner in connection with such management and the exercise of the powers hereby conferred upon it.

B    Period of Agreement

(1)    The Manager's appointment as manager of the Vessel shall be deemed to have commenced on the date hereof but the monthly management fee shall accrue as from the date of delivery of the Vessel to the Manager.

(2)    The said appointment shall continue indefinitely unless and until it is terminated as specified below.

(3)    Either the Manager or the Owner may terminate this Agreement and the appointment hereunder after the first year by giving to the other at least three (3) months' prior written notice of termination of this Agreement. Termination will take effect at the end of the notice period.

(4)    Also, the Manager or the Owner may by notice to the other terminate this Agreement immediately if an order is made or a resolution is passed for the winding up of either the Manager or the Owner (other than for the purpose of a reconstruction or amalgamation) or if a receiver is appointed of either parties' business or property or if one of the parties suspends or ceases to carry on its business or makes any special arrangement or composition with its creditors.

(5)    This Agreement shall terminate automatically (if not terminated by notice pursuant to clause B(3)) on the date that any of the events stipulated in clause I(2) occur, but such termination shall not prejudice the Manager's entitlement to its management fee as specified in sub-clause I(2)(a) or (b) as applicable.

C    Management Services

(1)    The Manager shall, without in any way detracting from the generality of any of its powers and obligations contained in this Agreement, have the right and power to act in its own or the Owner's name but for the account of the Owner to do or perform any or all of the following:

57
58
59
60
61

(a)   To attend to and deal with the maintenance, manning, equipment, furnishing, victualling, provision of marine and engineer superintendents and arranging and supervising surveys maintenance, repairs, alterations and renewals to hull, machinery, boilers, auxiliaries, accommodation and storage of Vessel.

62
63
64

(b)   To provide all customary owner's duties in relation to manning and crew welfare and amenities for the crew of the Vessel.

65
66
67

(c)   To represent the Owner and negotiate agreements with the International Transport Workers' Federation in respect of the Vessel's crew.

68
69
70
71

(d)   To provide deck, cabin and engine stores and spare gear and lubricating oil and other necessary or usual service to the Vessel. For spares of USD 5,000 and above, owners prior permission and consent to be taken by the manager.

72
73
74
75
76

(e)   If required by the Owner, to arrange and maintain the usual insurances and P&I cover in respect of the Vessel (subject to the Owner's prior approval of the brokers or the insurers and the amount and scope of cover) and any other customary or special insurance (including crew personal accident insurance, defence cover and war risks).

77
78
79
80
81

(f)   To handle and settle (with insurance intermediaries and loss adjusters) all claims, negotiations and correspondence connected with the Vessel's insurances (except cargo claims which will be handled by the Owner or their commercial managers) and any salvage, general and particular average and other claims in respect of the Vessel.

82
83
84
85

(g)   To provide the Owner with copies of all cover notes, insurance policies and certificates of entries in P&I and insurers or brokers' undertakings in respect of the Vessel if these are arranged by or through the Manager.

86
87
88
89
90
91
92

(h)   To attend to all matters relating to the operation and navigation of the Vessel (including compliance with STCW 95 requirements) and to make all disbursements in connection with the management or otherwise in relation to the Vessel and to contract and pay on behalf of the Owner such debts and liabilities as are reasonably required in managing the Vessel and to maintain detailed and analysed accounts relating to the Vessel and supplying copies or abstracts as required or as are otherwise herein provided for.

93
94
95
96
97

(i)   To arrange and contract for all repairs to the Vessel including hull, machinery, boilers, tackle, apparel, furniture, equipment and spare parts and including maintenance and voyage repairs and replacements necessary to maintain the Vessel in class and in an efficient state of repair and condition.

98
99
100

(j)   To report periodically to the Owner in respect of the Vessel's technical and operational performance.

101
102
103

(2)   The Manager's powers shall exclude negotiating and/or concluding any charters or contracts of affreightment.

104
105
106

(3)   The Manager shall be entitled to allocate its manpower; resources and services, as it thinks fit between all vessels under its management from time to time.

107
108
109
110

(4)   The Manager shall be deemed to be the "Company" as defined in the ISM Code and shall assume responsibility for the operation of the Vessel and for the duties and responsibilities imposed by the ISM Code.

111
112

D    Expenses

113    (1)    Subject to the provisions hereof the Owner will pay to the Manager all disbursements and expenses
114             reasonably incurred by the Manager in the performance of its obligations under this Agreement. The
115             Manager shall have no obligation to advance moneys to fund the Vessel's expenses but if it does
116             advance any funds then the Manager shall be entitled to charge interest on the sum advanced to the
117             Owner at the prevailing prime rate for US dollars plus 3% pa. The Owner shall also reimburse the
118             Manager for any exchange rate loss suffered or incurred by the Manager in the course of carrying out its
119             duties hereunder.
120

121    (2)    The Manager will at the commencement of this Agreement and every DECEMBER or thereabouts
122             provide the Owner with a budget which shall reflect estimated costs and expenses of running the Vessel
123             during the calendar year following the said budget.
124

125    (3)    The Owner shall pay to the Manager in advance a sum equal to one-twelfth of the said annual budget
126             by telegraphic remittance prior to take over of the vessel.
127

128    (4)    Not later than the eighth working day of each calendar month the Manager shall send to the Owner by
129             fax or a telex a summary of the actual operating costs of the Vessel during the preceding month.
130

131    (5)    Not later than the twentieth working day of each calendar month the Manager shall send to the Owner
132             a written statement supported by vouchers showing the actual operating costs of the Vessel during the
133             preceding month.
134

135    (6)    Every three months the Manager shall send to the Owner a full statement showing the actual operating
136             costs of the Vessel during the proceeding three months and including:
137

138          (a)    trial balances prepared monthly during that three months period following receipt of the
139                   Master's monthly portage bills and expenses report;
140

141          (b)    comparison with the budget specified in clause D(2) hereof; and
142

143          (c)    a narrative report commenting on the operation of the Vessel and of the variances between the
144                   actual operating costs and the budgeted costs.
145

146    (7)    ~~Subject to clause D(3),~~ within 5 days of receipt of the report referred to in clause D(4), the Owner shall
147             remit each month an amount equal to the actual operating costs of the Vessel during the preceding
148             month as specified in the said report.
149

150    (8)    After inspecting the Vessel and having agreed with the Owner any modifications and repairs necessary
151             to put the Vessel in condition to satisfy the Manager's minimum requirements for safe and efficient
152             operation, the Manager will submit to the Owner a separate budget for initial expenses for repairs,
153             modifications, first fitting and storing. The Owner will remit forthwith to the Manager such budgeted
154             amount together with one-twelfth of the said annual budget to fund the expenses of the Vessel in the
155             first month.
156

157    (9)    Out of the management fees specified in clause I(1) the Manager shall, at its own expense, provide all
158             shore-based officers and office staff necessary for the discharge of its duties hereunder and shall pay for
159             all ordinary office stationery, postage, telephone and other office expenses incurred by it as the
160             Manager in the performance of its duties or the exercise of its powers pursuant to this Agreement.
161

162    (10)    The Owner shall reimburse the Manager for all telecommunication and radio accounting charges,
163             officers' and crew's wages, pensions and insurance contributions and all superintendent's travelling and
164             incidental expenses and all other expenses properly and reasonably incurred by the Manager in relation
165             to the Vessel in order to perform its obligations or exercise its powers under this Agreement.
166             In this regard, Superintendents visits for Vessel Inspection, dry-docking, Repairs and Owner visit
167             in excess of **36 days** will be billed at a rate of USD 300/day.
168

169
170
171
172 (11) All remittances to the Manager referred to in this clause D shall be remitted by telegraphic transfer or
173      SWIFT (SWIFT address HSBCUS33, ABA Number 262) to HSBC Bank USA, 254 Canal Street, New York,
174      NY 10013 for credit to Belindtha Marine Ltd. client account USD Checking (Business Extra 1), account #
175      000-760137.
176
177 (12) The Owner shall provide the Manager with a bank guarantee from a first class European or American
178      bank with an office in Hong Kong, or remit a deposit to the Manager, equivalent to one month's
179      budgeted expenses of the Vessel.  If the Manager does not receive any funds due to the Manager
180      pursuant to clause D(3) or D(7) by the 15th working day of the then current month then the Manager
181      may draw upon the guarantee or the deposit. The Owner shall replace immediately any security drawn
182      upon by the Manager.
183
184 E    Records and Accounts
185
186      The Manager undertakes to keep on behalf of the Owner proper books records and accounts (which
187      shall include all vouchers and supporting documents) relating to the management, operations and
188      maintenance of the Vessel in accordance with good shipping accounting practices. Such books, records
189      and accounts will be available to the Owner or their representatives for inspection and audit at
190      reasonable times.
191
192 F    Sub-contracts
193
194 (1)  The Manager shall be entitled to sub-contract and delegate to Univan Ship Management Limited of
195      Hong Kong ("Univan"), but not any other person or company without the prior written consent of the
196      Owner (which consent shall not unreasonably be withheld), any or all of its obligations and rights
197      pursuant to this Agreement and ancillary to its appointment as the technical manager of the Vessel.
198
199 (2)  The Owner hereby authorizes the Manager to advance or remit funds to Univan from the bank account
200      aforesaid for the purposes of paying (in advance or in arrears) fees or expenses properly incurred by
201      Univan or by the Manager on behalf of the Owner pursuant to the terms and authority of this
202      Agreement. For the avoidance of doubt, Univan and companies associated with Univan may be a payee,
203      beneficiary or recipient of such advances or remittances.
204
205 G    Performance
206
207      The Manager undertakes to provide the services specified in this Agreement and to exercise all or any of
208      its powers and duties in accordance with the policies and instructions from time to time determined by
209      the Owner and notified to the Manager.  The Manager shall at all times use its best endeavours to
210      promote and protect the interests of the Owner and shall procure that Univan does the same.
211
212 H    Other Business
213
214      The Manager and/or Univan shall not be restricted from carrying on or being interested in any business
215      in which they are engaged at the date hereof or may undertake hereafter which is or may be similar to
216      or competitive with the business of the Owner.
217
218 I    Management Fee
219
220 (1)  The Owner will pay to the Manager monthly in advance and pro rata for part of a month during this
221      Agreement a management fee of US$ 6750 per month without deduction for commissions, brokerage
222      fees or other charges of whatsoever nature due or payable to third parties.  The monthly management
223      fee shall be reviewed and agreed two months before the beginning of each calendar year.
224



225 The Manager shall also be entitled to an initial pre-delivery management fee of US$ 6750.
226 Such fee shall be paid simultaneously with the payment referred to in clause D(8) and in any event
227 within 3 business days of the date of delivery of the Vessel to the Manager (or Univan).
228

229 (2) The management fee specified in clause I(1) shall cease to be payable upon termination of this
230 Agreement or if earlier:
231

232     (a) three months after the date of an actual or constructive or comprised or arranged total loss
233         occurs or is agreed with underwriters or the date of requisition for title or enforced or
234         compulsory acquisition by any Government authority of the Vessel (as the case may be); or
235

236     (b) if the Vessel is sold, on the date three months after delivery to buyers.
237

238 No other compensation shall be payable in the aforesaid circumstances.
239

240 (3) In all cases a re-delivery management fee equal to one month's management fee shall be paid at or
241 before the time of delivery of the Vessel to the Owner or its nominees or a buyer.
242

243 J   Contracts and Indemnities
244

245 (1) The Owner hereby ratifies, confirms and undertakes to ratify and confirm all and whatsoever Manager
246 shall lawfully and reasonably do or permit or cause to be done in the performance of its duties under
247 this Agreement.
248

249 (2) The Owner undertakes to indemnify the Manager at all times against (i) all actions, proceedings, claims,
250 demands or liabilities whatsoever against or by the Manager in respect of its acts and omissions in the
251 performance of its obligations or the exercise of its powers (and/or the purported performance or
252 exercise of powers) pursuant to this Agreement and (ii) all costs, damages and expenses which the
253 Manager may incur or suffer in defending, settling or contesting the same or otherwise in consequence
254 of the performance of its obligations under this Agreement. However: -
255

256     (a) the provisions of this Clause shall be without prejudice to any claim which the Owner may have
257         against the Manager for breach of duty; and
258

259     (b) the Manager or Univan shall not be liable for the negligence of any officer or crew of the Vessel.
260

261 (3) The Owner hereby undertakes to procure that:
262

263     (a) the Vessel shall be insured at all times with first class insurers for its sound market value and
264         entered for its full gross tonnage for all usual risks which a prudent owner would insure against
265         including (i) hull and machinery risks (including crew negligence and excess liabilities) and (ii)
266         protection and indemnity risks (including pollution) and (iii) war risks;
267

268     (b) the Manager and Univan shall be named as full joint members/co-assured in their respective
269         capacities in all insurance policies covering the Vessel; and
270

271     (c) the Manager and Univan shall not be liable for payment of any premium or P&I call arising from
272         such policies and the Owner hereby indemnifies the Manager and Univan against any such
273         liability for future calls or premium.
274

275 (4) The Manager's maximum liability to the Owner pursuant to this Agreement shall not exceed an amount
276 equal to 10 times the annual management fee specified in clause I(1).
277

278

279 K   Lien
280

281 The Manager shall have a lien over the Vessel, its appurtenances and stores for the due performance by
282 the Owner of its obligations hereunder.
283

284 L   Force Majeure
285

286 The Manager shall have no responsibility or liability for failure to perform the management services by
287 reason of force majeure.  The term "force majeure" shall be interpreted according to English law from
288 time to time but shall include all events or circumstances beyond the control of either or both parties
289 and which by using proper and reasonable effort the parties are unable to prevent or overcome.
290

291 M   Notices
292

293 (1)  Any notices required to be served hereunder shall be in writing and may be served by sending the same
294 by prepaid (airmail) letter post or telex or by delivering the same (against receipt) to the address or
295 telex or fax number (as the case may be) of the party to be served as set out below or to such other
296 address or telex or fax number as may from time to time be notified by that party for the purpose.
297

298 (a) To the Owner:     c/o Kwantas Oil Sdn Bhd
299                       Unit W9, 6th Floor, CPS Tower
300                       88000 Kota Kinabalu
301                       Sabah, Malaysia
302
303

304 (b) To the Manager:   c/o Univan Ship Management Limited
305                       Suite 801 Asian House
306                       1 Hennessy Road
307                       Wanchai
308                       Hong Kong
309

310                       Fax    : (852) 2861 0742
311                       Telex  : 75429 UNVAN HX
312

313 (2)  Notices served by telex or fax as aforesaid shall be deemed to have been served on the business day
314 following transmission provided the receiving party's telex "Answerback" appears on the notice served
315 by telex or the relevant fax transmission report indicates "OK". Notices served by mail as aforesaid shall
316 be deemed to have been served on the fifth business day following posting.
317

318 N   Law and Arbitration
319

320 (1)  This Agreement shall be governed by English law.
321

322 (2)  Any dispute or difference arising between the parties hereto concerning the construction, meaning,
323 intention or performance of this Agreement shall be determined by referring the matter to arbitration by
324 one arbitrator jointly appointed in London subject to the Arbitration Act then applicable. If the parties
325 can not agree on a single arbitrator then each party hereto shall appoint one arbitrator and both
326 arbitrators shall nominate the third arbitrator or shall request the President for the time being of the
327 Law Society of England and Wales to nominate the third arbitrator.
328

329 O   Confidentiality
330

331 The parties hereto shall keep this Agreement confidential and shall not disclose it to any third party
332 unless compelled to do so by law or by Government decision.
333

334 In Witness whereof, this Agreement has been executed in duplicate by the parties on the date first above
335 written.
336

337   For and on behalf of
338   **Wiseberg Holdings Limited**
339
340
341

**Page 7 of 8**
For and on behalf of
**Belindtha Marine Ltd.**

Undertaking Letter

The Owner of MT Mastery TBRN  MT Diana

We refer to the Management Agreement to be entered into between you and Belindtha Marine Ltd. ("Belindtha") whereby Belindtha is to be appointed as the technical manager of MT Mastery TBRN MT Diana.

In consideration of you permitting Belindtha to sub-contract and delegate to us its rights, powers and obligations pursuant to the aforesaid management agreement, we hereby undertake to you that we will carry out Belindtha's obligations and exercise its powers in accordance with the terms of the said management agreement as if we were a party to that agreement instead of Belindtha.

This undertaking is subject to the laws of England and is to be construed in accordance with the terms of the relevant management agreement.

Dated:  4th January 2007

for and on behalf of
Univan Ship Management Limited